UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DENIS WRIGHT,

                      Plaintiff,                    Case No. 06-13252

vs.                                   DISTRICT JUDGE VICTORIA A. ROBERTS
                                   MAGISTRATE JUDGE STEVEN D. PEPE

MICHAEL J. ASTRUE,
Commissioner of Social Security,

                      Defendant.
========================/

**REPORT AND RECOMMENDATION GRANTING IN PART PLAINTIFF'S
APPLICATION FOR ATTORNEY FEES (DKT. #21)**

**A.**     **Background Facts:**

Denis Wright brought this action under 42 U.S.C. § 405(g) and § 1383(c)(3) for judicial

review of the Commissioner's final decision denying his application for Disability Insurance

Benefits (DIB) under Title II of the Social Security Act and Supplemental Security Income (SSI)

under Title XVI of the Social Security Act. On October 31, 2007, the undersigned issued a

Report and Recommendation recommending that the case be remanded to the Commissioner for

further proceedings (Dkt. #18). On November 29, 2007, Judge Victoria A. Roberts entered an

Order and Judgment adopting the Magistrate Judge's Report and Recommendation and ordered

remand of the case to the Commissioner for further proceedings (Dkt. #19 & #20).

Plaintiff, Denis Wright, now seeks an award of $7,288.75 in attorney fees and costs under

the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(a),(d) for 42.7 hours of work done

on this case (Dkt. #21).  On December 4, 2007, Plaintiff's motion was referred for hearing and

determination pursuant to 28 U.S.C. § 636 (B)(1)(A) (Dkt. #22).  Under Fed. R. Civ. P. 52

(d)(2)(D) courts may refer a motion for attorney's fees to a magistrate judge under Rule 72(b) as

if it were a dispositive pretrial matter.  See also *Massey v. City of Ferndale,*  7 F.3d 506, 508

-509 (6th Cir. 1993) (Rule 11 motion); *Weatherby v. Sec'y of Health & Human Services,* 654 F.

Supp. 96 (E.D. Mich. 1987)(Equal Access to Justice Act).  Thus, the reference will be treated as

if it were under 28 U.S.C. §  636 (B)(1)(B).  For the reasons indicated below, **IT IS**

**RECOMMENDED** that Plaintiff's motion be **GRANTED IN PART**.

**B.**     **The EAJA Fee Request:**

The Commissioner does not challenge Plaintiff's claim that he is entitled to attorney fees

under the EAJA.  Given the nature of the errors by the ALJ, the government's position trying to

defend the administrative record was not substantially justified, and attorney fees are appropriate

in this case.  Yet, the Commissioner submits that Plaintiff's fee request is excessive and asks the

Court to reduce the fee accordingly.

The EAJA permits an award of reasonable attorney fees and expenses.  28 U.S.C. §

2412(d)(2)(A).  Reasonable attorney fees are the number of hours reasonably expended times a

reasonable hourly rate.  *Blanchard v. Bergeron*, 489 U.S. 87 (1989).  A court may consider other

factors, such as whether the case presents issues of significant novelty or difficulty; the

experience, reputation, and abilities of counsel; the results obtained; and awards in similar cases.

*See Widrig v. Apfel*, 140 F.3d 1207, 1209 n.5 (9th Cir. 1998).  The court should also exclude all

time that is excessive, redundant, or inadequately documented.  *Hensley v. Eckerhart*, 461 U.S.

424, 433-34 (1989).

In this case, the amount of fees requested reflects excessive numbers of hours spent in

preparation of Plaintiff's case (*See*, Dkt. #21, Ex. 1, entries 6/8/06 (2 entries on this date), 12/22/06 (2 entries on this date), 1/26/07, 1/30/07, and 1/31/07). Plaintiff's counsel's law firm has represented Plaintiff in this matter since at least October 2004, when it requested a hearing on this matter (R. 33), and as a result should be very familiar with the facts of this case. Moreover, the issues presented by Plaintiff's counsel in her brief were not novel or difficult. There was no medical source opinion supporting ALJ Don Colpitts's residual functional capacity finding and the ALJ virtually made up vocational testimony concerning Plaintiff's capacity to perform his past work. If anything, the rather egregious error of misstating the VE's testimony when no hypothetical question was asked made prevailing and getting a remand somewhat easier than the usual case.

With such familiarity with Plaintiff's case, and taking into consideration the typical issues raised, it is determined that Plaintiff's counsel, while doing a good job for her client, expended an excessive number of hours in reviewing the administrative record and preparing Plaintiff's Motion for Summary Judgment. Counsel indicates this took a total of 24.6 hours. Using as a framework the time it took to review the record, the motion papers and to prepare the Report and Recommendation, it is believed these hours should be reduced to a total of 19 hours to prepare and file Plaintiff's Motion for Summary Judgement (See, Dkt. #21, Ex. 1, entries 6/8/06 (2 entries), 12/22/06 (2 entries), 1/26/07, 1/30/07, and 1/31/07).

In addition, a reduction in Plaintiff's request for billing for total time spent by his attorney of approximately 9.9 hours to prepare and file Plaintiff's Reply to Defendant's Motion for Summary Judgement is excessive (Dkt. #21, Ex. 1, entries 3/9/07 and 3/12/07). Plaintiff's Reply to Defendant's Response and Motion for Summary Judgement was one and one-half pages in length and the issues presented by Plaintiff's counsel largely repeat what was said in the initial

brief.  The content and length of Plaintiff's counsel's reply does not warrant expenditure of 9.9 hours.  Accordingly, a reduction in Plaintiff's request to 4 hours to prepare and file Plaintiff's Reply to Defendant's Motion is appropriate.

Furthermore, the Commissioner seeks a reduction in Plaintiff's counsel's fee request for time devoted to drafting and filing a Motion to Extend Time to File, and reviewing the Order Extending Time to File (Dkt. #21, Ex. 1, entries 12/28/06 and 1/10/07).  While modest in amount, the time that Plaintiff's counsel devoted to file an extension of time and review the order of the Court granting the extension because of an inability to meet filing deadlines is not properly billed to the government.  Accordingly, Plaintiff may not be reimbursed for the 0.4 hours spent drafting and filing Plaintiff's Motion to Extend Time to File.

Given the above adjustments, Plaintiff should be compensated for 30 hours for pursuing Plaintiff's claim for benefits in this federal action plus costs.  Plaintiff's attorney should receive an hourly rate of $162.50.  This is based on the following calculation: the statutory hourly rate for EAJA fees filed on or after March 29, 1996 is $125.00 per hour, increased by the standard cost of living increase.  The consumer price index[1] for all urban consumers for March 29, 1996, was 155.7, the same index for October, 2007 (which was the last date available at the time of this filing) was 208.936; 208.936 divided by 155.7 and rounded to the nearest tenth equals 1.3; $125.00 per hour times the cost of living adjustment of 1.3 equals $162.50 per hour.  This is a reasonable hourly rate.

## C.    Recommendation:

Accordingly, for the reasons noted above, **IT IS RECOMMENDED** that Plaintiff's motion be **GRANTED IN PART** and Plaintiff be granted EAJA fees and costs in the amount of $5,225.00

---

[1] Consumer price index information for all urban consumers can be found at the Bureau for Labor Statistics web site: www.bls.gov/home.htm.

(162.50 per hour times 30 hours and costs of $350.00 for the United States District Court Filing

Fee). The parties to this action may object to and seek review of this Report and

Recommendation, but are required to file any objections within ten (10) days of service of a

copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to

file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474

U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1991);

*United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some

issues but fail to raise others with specificity, will not preserve all the objections a party might

have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d

390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local, 231*, 829 F.2d 1370, 1373

(6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served

upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the

opposing party may file a response. The response shall be not more than twenty (20) pages in

length unless by motion and order such page limit is extended by the Court. The response shall

address specifically, and in the same order raised, each issue contained within the objections.


Dated: January 29, 2008                              s/ Steven D. Pepe
Ann Arbor, MI                                        United States Magistrate Judge

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that a copy of the foregoing ***Report and Recommendation*** was served on the

attorneys and/or parties of record by electronic means or U.S. Mail on January 29, 2008.


<u>s/ Alissa Greer</u>
Case Manager to Magistrate
Judge Steven D. Pepe
(734) 741-2298